UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff(s),<br><br>  v.<br><br>JASON LLOYD ROSS,<br><br>         Defendant(s). | Case No. 2:15-CR-302 JCM (CWH)<br><br>ORDER |

Presently before the court is defendant Jason Ross's emergency motion for compassionate release. (ECF Nos. 54 & 56).[1] The United States of America ("the government") filed a response (ECF No. 58), to which defendant replied (ECF No. 59).

**I.     Background**

Defendant was sentenced on September 13, 2016, to a total of 57 months' incarceration for one count of felon in possession of a firearm. (ECF No. 47). While defendant has been incarcerated, the novel strain of coronavirus and COVID-19, the resultant respiratory disease, have run rampant throughout the country and the world. While the court need not reiterate the well-known effects COVID-19 has had on day-to-day life, certain populations are particularly at risk of "severe illness" from the virus. *See* Center for Disease Control, *People Who Need to Take Extra Precautions,* (June 25, 2020).[2] The CDC has provided that "severe illness from COVID-19" means "hospitalization, admission to the ICU, intubation or mechanical ventilation,

---

[1] Defendant filed his initial motion pro se (ECF No. 54) and, pursuant to Temporary General Order 2020-06, filed a supplemental motion with the assistance of counsel (ECF No. 56).

[2] Available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html.

**James C. Mahan**
**U.S. District Judge**

or death." *See* Center for Disease Control, *Evidence used to update the list of underlying medical conditions that increase a person's risk of severe illness from COVID-19*, (June 25, 2020).[3]

The CDC admits that its list of at-risk persons "is a living document that will be periodically updated by CDC, and it could rapidly change as the science evolves," and new studies on COVID-19 vis-à-vis comorbidities continue to be promulgated. *Id.* (emphasis in original); *see also*, *e.g.,* Xianxian Zhao, et al., *Incidence, clinical characteristics and prognostic factor of patients with COVID-19: a systematic review and meta-analysis* (March 20, 2020);[4] Safiya Richardson, et al., *Presenting Characteristics, Comorbidities, and Outcomes Among 5700 Patients Hospitalized With COVID-19 in the New York City Area* (April 22, 2020).[5]

Defendant argues that he is entitled to relief due to his asthma and epilepsy. (ECF No. 56). The government opposes defendant's request, arguing that he has not exhausted his administrative remedies and that his request should be denied on the merits. (ECF No. 58).

**II.     Legal Standard**

"Even though courts ordinarily have the inherent authority to reconsider its prior orders, such authority does not exist when there is an 'express rule to the contrary.'" *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999). One such contrary rule is relevant here: "A court generally may not correct or modify a prison sentence once it has been imposed." *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (citing 18 U.S.C. § 3582(c)). Instead, the court may modify a sentence only when expressly authorized by statute.

The court is expressly authorized to modify a sentence under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). 18 U.S.C. § 3582(c)(1)(A). However, courts may consider compassionate release only "upon motion of the Director of the Bureau of Prisons . . . ." *Id.* If a

---

[3] Available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html.

[4] Available at https://www.medrxiv.org/content/10.1101/2020.03.17.20037572v1.full.pdf.

[5] Available at https://jamanetwork.com/journals/jama/fullarticle/2765184.

defendant wants to file such a motion with the court, he must fully exhaust his administrative remedies before doing so. *Id.* Since the enactment of the First Step Act, a defendant may file a compassionate-release motion if his application to the BOP goes unanswered for thirty days. *Id.*

To be eligible for compassionate release, a defendant must demonstrate: (1) the existence of extraordinary and compelling reasons, and (2) that he is not a danger to the community. 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13. Under USSG § 1B1.13, "extraordinary and compelling reasons" include, amongst other things, terminal illnesses and medical conditions "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13.

### III. Discussion

This court—like all courts around the country—once again finds itself at a crossroads. Some courts have found that the administrative exhaustion provision in 18 U.S.C. § 3582(c)(1)(A) is a strictly non-waivable jurisdictional statute. *See, e.g., United States v. Cooper*, Case No. 2:14-cr-0228-JAD-CWH (D. Nev. Apr. 29, 2020); *United States v. Cardenas*, Case No. 2:11-cr-0414-APG-CWH (D. Nev. Apr. 29, 2020). Alternatively, other courts have nonetheless waived the administrative exhaustion requirement, particularly due to the rapid spread of COVID-19. *See, e.g., United States v. Zukerman*, 16-CR-194, 2020 WL 1659880 (S.D.N.Y. Apr. 3, 2020); *United States v. Perez*, ___ F.Supp.3d ___, 2020 WL 1546422 (S.D.N.Y. Apr. 1, 2020).

These are unprecedented times. As a result of the rapidly-evolving circumstances surrounding the novel coronavirus pandemic, this court has entertained compassionate release motions where there had been no meaningful response to a defendant's administrative application, *see United States v. Atkinson*, No. 2:19-CR-55 JCM-CWH, 2020 WL 1904585 (D. Nev. Apr. 17, 2020), and where an asthmatic defendant was only a few days short of the 30-day mark, *see United States v. Gorai*, No. 2:18-CR-220-JCM-CWH, 2020 WL 1975372 (D. Nev. Apr. 24, 2020). However, when a defendant had failed to file a request for release—either formally or informally—this court declined his invitation to waive the exhaustion requirement.

*United States v. Iwatsu*, No. 2:18-cr-284-JCM-VCF, 2020 WL 2615902 (D. Nev. May 22, 2020). In sum, while the court has been willing to waive strict compliance with the administrative-exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A), the court has required at least substantial compliance.

Here, defendant has not indicated applying for compassionate release at all with the Bureau of Prisons ("BOP"). (ECF Nos. 56 & 59). Defendant's reply discusses exhaustion for its first time without further evidence of compliance or even attempted compliance. (ECF No. 59). In light of the foregoing and review of the record,[6] this court denies defendant's motion.

### IV.  Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's emergency motion for compassionate release (ECF Nos. 54 & 56) be, and the same hereby is, DENIED.

DATED July 15, 2020.

_____
UNITED STATES DISTRICT JUDGE

---

[6] Although a motion to seal is typically expected for defendant's exhibit, this court finds that these medical records are appropriately under seal and will keep them under seal accordingly. (ECF No. 57). Defendant's sealed exhibit makes reference to asthma that is being appropriately treated at the facility. (*Id.*). The exhibit also refers to epilepsy, (*id.*), but the condition is not considered a COVID-19 risk-factor by the CDC, *see* Center for Disease Control, *Evidence used to update the list of underlying medical conditions that increase a person's risk of severe illness from COVID-19*, (June 25, 2020).

**James C. Mahan**
**U.S. District Judge**