1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

Plaintiff(s),

v.

JASON LLOYD ROSS,

Defendant(s).

Case No. 2:15-CR-302 JCM (CWH)

ORDER

Presently before the court is defendant Jason Ross's emergency motion to reconsider the court's denial of compassionate release.  (ECF No. 62).

This court denied defendant's request for compassionate release because of his failure to satisfy exhaustion.  (ECF No. 60).  Defendant now clarifies that he appropriately contacted the Bureau of Prisons on May 26, 2020.  (ECF No. 62).  Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from judgment on the basis of (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).[1]  This court grants defendant's motion, (ECF

---

[1] "[M]otions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings."  *United States v. Mendez*, 2008 WL 2561962, at *2 (C.D. Cal. June 25, 2008); *see also United States v. Martin*, 226 F.3d 1042, 1047 n. 7 (9th Cir. 2000) ("As the Second Circuit noted in *United States v. Clark,* post-judgment motions for reconsideration may be filed in criminal cases").

James C. Mahan
U.S. District Judge

No. 62), and reviews the merits of defendant's prior motion for compassionate release without further briefing, (ECF No. 56).  The parties have already addressed all points relevant to the following determination.  (ECF Nos. 56, 58, 59).

It has been demonstrated that 30 days have passed since defendant contacted the Bureau of Prisons on May 26, 2020.  (ECF No. 62).  Exhaustion is satisfied.  *See* 18 U.S.C. § 3582(c)(1)(A).  To be eligible for compassionate release, a defendant must then demonstrate: (1) the existence of extraordinary and compelling reasons, and (2) that he is not a danger to the community. 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13.  Under USSG § 1B1.13, "extraordinary and compelling reasons" include, amongst other things, terminal illnesses and medical conditions "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13.

This court grants defendant's motion only upon considering defendant's asthma alongside other factors under 18 U.S.C. §3553(a).  Defendant contends that his asthma and epilepsy put him at risk of harm from COVID-19.  (ECF Nos. 398 & 404).  Asthma is identified by the CDC as a risk factor for severe illness from COVID-19.  *See* Center for Disease Control, *Evidence used to update the list of underlying medical conditions that increase a person's risk of severe illness from COVID-19*, (June 25, 2020).[2]  However, epilepsy is not.  *See id.*  Although defendant's asthma is not severe and appears appropriately treated at his facility, (ECF No. 57), defendant only has 4 months left in his 57-month sentence for felon in possession of a firearm. (ECF No. 56).  The present circumstances dictate that these final months of incarceration are better served outside of prison.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Jason Ross's emergency motion to reconsider (ECF No. 60) be, and the same hereby is, GRANTED.

---

[2] Available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html.

1    IT IS FURTHER ORDERED that defendant's emergency motion for compassionate

2  release (ECF Nos. 54 & 56) be, and the same hereby is, GRANTED.

3    IT IS FURTHER ORDERED that defendant's sentence of imprisonment be, and the

4  same hereby is, MODIFIED to CREDIT FOR TIME SERVED.

5    IT IS FURTHER ORDERED that defendant shall be quarantined for a 14-day period

6  prior to being released, consisted with BOP policy.  Defendant shall be released from custody

7  within 48 hours after the expiration of his 14-day quarantine.

8    IT IS FURTHER ORDERED that defendant's counsel shall, within 7 days of this order,

9  contact the BOP to arrange transportation.

10    IT IS FURTHER ORDERED that defendant shall serve the remaining portion of the

11  original term of imprisonment (as calculated by the BOP) as supervised release with the special

12  condition that he shall be subject to home incarceration without the requirement of electronic

13  monitoring for the time being.

14    IT IS FURTHER ORDERED that defendant shall not be required to report to the U.S.

15  Probation Office in person.  However, within 72 hours of his release, defendant shall contact the

16  U.S. Probation Office by telephone to check in.

17    IT IS FURTHER ORDERED that defendant shall be restricted to his residence at all

18  times (home incarceration) except for medical necessities and or other activities specifically

19  approved by U.S. Probation or this court.

20    IT IS FURTHER ORDERED that defendant shall serve supervised release as originally

21  imposed.

22    IT IS FURTHER ORDERED that, in light of the COVID-19 pandemic, current standard

23  condition originally imposed mandating that defendant work at least 30 hours per week at a

24  lawful type of employment and participate in community service is temporarily suspended.

25  . . .

26  . . .

27  . . .

28  . . .

**James C. Mahan**
**U.S. District Judge**

1    IT IS FURTHER ORDERED that all other conditions of supervision originally imposed

2    shall remain in effect.

3    DATED July 24, 2020.

4    _____

5    UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

James C. Mahan
U.S. District Judge